1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON, | Case No. 1:14-cv-01690 LJO DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| BARAJAS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |
| _____/ | |

Plaintiff Vance Edward Johnson ("Plaintiff"), a state prisoner proceeding pro se, filed this action on October 29, 2014.  Plaintiff names Correctional Officer M. Barajas as Defendant.

**A.     SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events at issue occurred.

Plaintiff alleges as follows. On March 19, 2014, after returning from being out-to-court, Plaintiff was sent back to "C" yard to Building 5. Plaintiff was assigned to Cell C5-131 by Defendant Barajas. The cell had an electrical systems failure and there was no power in the cell. Plaintiff alleges Defendant knew the cell was without power and she knew the applicable rules and regulations regarding cell maintenance and cell moves. Plaintiff advised Defendant Barajas that his cell was without power. Plaintiff asked Barajas to turn on the power to the cell. Defendant laughed in his face and said, "No." Plaintiff asked her why, and she replied that she put in a work order. Plaintiff asked if he could be moved to a cell with power as there were a total of 34 empty

2

1   cells available, but Barajas said "No" again, and just continued to laugh in Plaintiff's face.

2           Plaintiff states he was the only African-American in that wave of orientation.  He states no

3   person of another race was placed in a cell without power.  On March 19 and March 20, Plaintiff

4   asked porters to request that Defendant Barajas make an emergency cell move for Plaintiff, but

5   they advised Plaintiff, "No, she won't move you."

6           Plaintiff states Defendant Barajas is Hispanic.  On March 21, 2014, while he was still

7   without power to his cell, Mexican inmate Rodriguez was moved next door to Plaintiff.

8   Rodriguez had no electrical or plumbing problems to his cell.  Plaintiff claims he was not moved

9   due to racial discrimination and deliberate indifference to his hygienic and medical needs.

10          As a result, Plaintiff states he was unable to use electrical appliances such as shavers, a fan,

11  hair trimmers, and a radio.  He claims he suffered permanent irreparable injuries; his medical

12  conditions and physical injuries were exacerbated; he became stressed out, depressed,

13  hyperventilated, agitated, and suffered extreme spasms and shooting pains all over his body; he

14  suffered migraine headaches which caused him to become physically sick; he required physical

15  therapy and radiology for internal spinal injuries; he was given an increased dosage in

16  medications; and he experienced physical limitations.

17          Plaintiff filed a 602 appeal and discovered that Defendant Barajas had never turned in a

18  work order on March 19, 2014, but that another officer, Correctional Officer Storm, turned in a

19  work order on March 25, 2014.

20          Plaintiff is seeking compensatory damages in the amount of $5,000.00.

21  **C.      DISCUSSION**

22          1.      Conditions of Confinement

23          The Eighth Amendment's prohibition against cruel and unusual punishment protects

24  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

25  confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

26  Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347,

27  101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and

28  often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of

3

1   pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

2   Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving

3   standards of decency that mark the progress of a maturing society violate the Eighth Amendment.

4   Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730,

5   737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

6          Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

7   clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

8   Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

9   while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

10  omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials

11  were deliberately indifferent to a substantial risk of serious harm to his health or safety.  E.g.,

12  Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v.

13  Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at

14  731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

15         Here, the Court accepts that being in a cell without power to the outlets for several days

16  can be a large inconvenience and harsh; however, such an inconvenience does not rise to the level

17  of an Eighth Amendment violation.  Plaintiff does not claim he was denied any of the necessities

18  of life, only that the lack of power deprived him of the use of electrical appliances.  Plaintiff

19  makes several claims of permanent and severe injuries he sustained as a result of the lack of

20  power, but these claims are implausible on their face.  Plaintiff makes no showing as to how the

21  lack of power caused such injuries as extreme spasms and shooting pains, migraine headaches, or

22  internal spinal injuries.  Accordingly, Plaintiff fails to state an Eighth Amendment claim.

23         2.      Equal Protection

24         The Equal Protection Clause requires that persons who are similarly situated be treated

25  alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249

26  (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013);

27  Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891

28  (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendant intentionally discriminated

4

against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

In this case, Plaintiff alleges that Barajas, out of racial discrimination, placed him in a cell that suffered from power loss.  Plaintiff makes no showing as to how Barajas was racially motivated, or that her decision was based on the fact that Plaintiff was of a different race.  Thus, Plaintiff fails to state a claim under the Equal Protection Clause.

**D.** **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 3, 2015**                        /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE