# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON, | Case No. 1:14-cv-01690 LJO DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM |
| v. | |
| BARAJAS, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Vance Edward Johnson ("Plaintiff"), a state prisoner proceeding pro se, filed this action on October 29, 2014. On August 4, 2015, the Court screened the complaint and determined Plaintiff had failed to state a cognizable claim. Plaintiff was granted an opportunity to file an amended complaint. On August 21, 2015, Plaintiff filed a First Amended Complaint. Plaintiff names Correctional Officer M. Barajas as Defendant.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN COMPLAINT**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events at issue occurred.

Plaintiff has a medical history of internal, irreparable, physical injuries, with restricted movement. He is on restriction from bending, twisting, and lifting anything over 20 pounds.

On March 19, 2014, after returning from being out-to-court, Plaintiff was placed in an orientation cell. Plaintiff was assigned to Cell C5-131 by Defendant Barajas. The cell had no

electrical power.  Plaintiff states the toilet requires electrical power to flush.  He was given a bucket to fill up with water to flush it.  Plaintiff states the weather condition was hot and he was on heat medication.  He could not utilize his fan to keep cool.

Plaintiff alleges he continually asked Defendant Barajas for a cell move to one of the other 34 empty cells which had electrical power, but she just laughed and said, "No, I already put in a work order to turn on the electric power to that cell."  According to the obtained work order, however, Barajas never put in a work order like she said.  Also, the work order showed Plaintiff was without power for twelve days from March 19, 2014, to April 2, 2014.  Inmate porters were sent to Barajas to ask for a cell move, but they said, "She's not going to move you."

While in orientation, inmates do not receive yard or dayroom time, and they receive cell feed.  Plaintiff began to feel sick and experienced difficulty breathing.  As a result of being in a cell without power, Plaintiff suffered from severe headaches, involuntary muscle contractions, nausea, body aches, dehydration, heat cramps, and weakness.

On March 21, 2014, Defendant Barajas allowed a Hispanic/Mexican inmate a convenience move from an operational cell to another cell; however, Plaintiff's requested "emergency cell move" was denied.

Plaintiff is seeking compensatory damages in the amount of $5,000.00, and punitive damages in the amount of $5,000.00.

**C.    DISCUSSION**

      1.    Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving

1  standards of decency that mark the progress of a maturing society violate the Eighth Amendment.
2  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730,
3  737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.
4        Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
5  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th
6  Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains
7  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks
8  omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials
9  were deliberately indifferent to a substantial risk of serious harm to his health or safety. E.g.,
10 Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v.
11 Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at
12 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).
13       Here, the Court accepts that being in a cell without power to the outlets for several days
14 can be a large inconvenience and harsh, but without more, such an inconvenience would not rise to
15 the level of an Eighth Amendment violation. However, Plaintiff further complains that he has a
16 history of internal, irreparable physical injuries, and he is required to take "heat medication." He
17 states the weather condition at the time was hot and he was unable to use his fan to keep cool
18 because of the lack of electricity. As a result, he began to feel sick and experienced difficulty
19 breathing, nausea, involuntary muscle contractions, body aches, heat cramps, and dehydration.
20 Plaintiff claims he repeatedly asked Defendant Barajas for an emergency cell move but Barajas
21 only laughed at him and denied his request. Based on his allegations, at the screening stage, the
22 Court finds that Plaintiff makes out a cognizable claim under the Eighth Amendment against
23 Defendant Barajas.
24       2.    Equal Protection
25       The Equal Protection Clause requires that persons who are similarly situated be treated
26 alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249
27 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013);
28 Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891

4

(9th Cir. 2008).  To state a claim, Plaintiff must show that Defendant intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

In this case, Plaintiff states he is African-American and that Barajas is Hispanic.  Plaintiff states that a Mexican inmate was given a convenience cell move while his requests were denied.  He appears to imply that Defendant acted out of racial discrimination by placing him in a cell that suffered from power loss.  However, Plaintiff makes no showing that Barajas was racially motivated and that her decision was based on the fact that Plaintiff was of a different race.  Thus, Plaintiff fails to state a claim under the Equal Protection Clause.

**D.      CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint states the following cognizable claim: (1) cruel and unusual punishment in violation of the Eighth Amendment by Defendant Bajaras.  It does not state any other claims.

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff chooses to amend, this will be his final opportunity.

If Plaintiff is willing to proceed on his cognizable claim, he may notify the Court in writing.  The Court will then dismiss Plaintiff's other claim(s), and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a Second Amended Complaint curing the deficiencies identified by the

5

1           Court in this order, or

2           b.    Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claim identified above.

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **June 24, 2016**          /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE