UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE EDWARD JOHNSON,<br><br>      Plaintiff,<br><br>    vs.<br><br>BARAJAS,<br><br>      Defendant. | 1:14-cv-01690-LJO-GSA-PC<br><br>ORDER GRANTING DEFENDANT BARAJAS' MOTION TO COMPEL<br>(ECF No. 28.)<br><br>ORDER FOR PLAINTIFF TO RESPOND TO DEFENDANT BARAJAS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, WITHIN THIRTY DAYS |

**I.    BACKGROUND**

      Vance Edward Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds with the First Amended Complaint filed by Plaintiff on August 21, 2015, against defendant Correctional Officer M. Barajas ("Defendant"), on Plaintiff's claim for adverse conditions of confinement under the Eighth Amendment. (ECF No. 9.)

      On January 31, 2017, the court issued a Discovery and Scheduling Order establishing deadlines of June 30, 2017, for completion of discovery, including the filing of motions to compel, and September 1, 2017, for the parties to file pretrial dispositive motions. (ECF No. 27.)

      On May 2, 2017, Defendant filed a motion to compel responses to Defendant's Request for Production of Documents, Set One. (ECF No. 28.) Plaintiff has not filed an opposition to

1

the motion to compel.

## II. MOTION TO COMPEL

### A. <u>Legal Standards</u>

#### *<u>Rule 26(b) - Scope of Discovery</u>*

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[1] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

#### *<u>Rule 34 - Production of Documents</u>*

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472 (D.Nev. 1998) quoting <u>Estate of Young v. Holmes</u>, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." <u>Clark</u>, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

---

[1]"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

2

///

### *Court's Scheduling Order*

The court's Scheduling Order of January 31, 2017, instructed the parties that "[r]esponses to written discovery requests shall be due 30 calendar days after the request is served." (ECF No. 27 at 2:5.) The parties were also informed that "Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37− that a party certify he/she has conferred in good faith or attempted to confer with the opponent in an effort to resolve the dispute prior to seeking court action − shall not apply unless otherwise ordered. Nevertheless, voluntary compliance with this provision of Federal Rules of Civil Procedure 26 and 37 is encouraged." (Id. at 2:18-21.)

### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B. **Defendant's Motion**

Defendant seeks an order compelling Plaintiff to respond to Defendant's Request for Production of Documents, Set One. Defendant asserts that Plaintiff failed to respond at all to the Request. Defendant provides evidence that on February 17, 2017, defense counsel served Defendant's Request for Production of Documents, Set One, on Plaintiff. (Declaration of Joseph R. Wheeler, ECF No. 28-2 ¶2 & Exh. A.) Pursuant to the court's Discovery and Scheduling Order, Plaintiff's responses were due no later than March 22, 2017. (Id. ¶3.) On

April 5, 2017, defense counsel mailed Plaintiff a letter in an attempt to confer in good faith regarding his overdue responses, informing Plaintiff that his responses were late and requesting that he provide counsel with the responses as soon as possible. (Id. at ¶4 & Exh. B.) As of May 2, 2017, Plaintiff had not provided any response to the Request for Production of Documents nor the meet and confer letter. (Id. at ¶5.)

### C. Discussion

Plaintiff has not opposed Defendant's motion to compel. Based on the evidence set forth above by Defendant, the court finds that Plaintiff failed to timely respond to Defendant's Request for Production of Documents, Set One, thus waiving any objections. Therefore, Defendant's motion to compel shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Barajas' motion to compel, filed on May 2, 2017, is GRANTED;
2. Plaintiff is required to respond to Defendant's Request for Production of Documents, Set One, within thirty (30) days of the date of service of this order;
3. No objections to the discovery requests are permitted; and
4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **September 29, 2017**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE